IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GREG BRAUN, Chapter 11 Trustee, | CASE NO. CV-F-04-5474 LJO |
| Plaintiffs, | **ORDER ON PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT** (Doc. 18) |
| vs. | |
| THOMAS O'BRIEN, et al., | |
| Defendants. | |

Pursuant to a notice filed on January 7, 2005, Plaintiff Greg Braun, as Plan Agent and Former Chapter 11 Trustee of Coast Grain Company, moves for partial summary judgment as to his Fifth and Sixth Claims for relief against defendant Dairy Feed Group. Defendant Dairy Feed Group filed an opposition on February 25, 2005 and a supplemental opposition on April 29, 2005. Greg Braun filed a reply on May 6, 2005. On May 11, 2005, the Court continued the hearing on the Motion to May 20, 2005.

Having considered the moving, opposition, and reply papers, as well as the Court's file, the Court finds that the matter may be submitted on the pleadings without oral argument pursuant to Local Rule 78-230(h). Therefore, the hearing set for May 20, 2005 is VACATED.

**FACTUAL AND PROCEDURAL BACKGROUND**

A Chapter 11 involuntary petition was filed against Coast Grain Company on October 17, 2001. Coast Grain's Third Amended Chapter 11 Plan was approved by the Bankruptcy court which appointed Greg Braun as the Plan Agent to implement the plan. Coast Grain, the bankrupt estate, is alleged to be

1

the majority shareholder in Coast Grain de Mexico, S.A. de C.V. ("Coast Grain de Mexico"), a Mexican corporation. Greg Braun was appointed sole administrator of Coast Grain de Mexico on March 10, 2003.

The Claims bar date set by the Court was April 11, 2002 and extended to October 2, 2002 for certain creditors. Braun contends that Dairy Feed Group was not extended time to file its proof of claim. On June 26, 2003, Dairy Feed Group filed a proof of claim for $873,300.00 as "money owed," and which is alleged to be secured by the assets of Coast Grain de Mexico.

Plaintiff's Fifth claim is for a declaration that Diary Feed Group has no ownership interest in Coast Grain De Mexico. The Sixth claim is for disallowance of Dairy Feed Group's proof of claim against the estate.

## ANALYSIS & DISCUSSION

**A. Summary Judgment Standard**

Initially, it is the moving party's burden to establish that there is "no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(c); *British Airways Board v. Boeing Co.,* 585 F.2d 946, 951 (9th Cir. 1978), *cert. denied*, 440 U.S. 981 (1979). When plaintiff is the moving party, plaintiff's burden of proof is: (1) to demonstrate affirmatively (by admissible evidence) that there is no genuine issue of material fact as to each element of its claim for relief, entitling it to judgment as a matter of law; and (2) to demonstrate the lack of any genuine issue of material fact as to affirmative defenses asserted by the defendant. Schwarzer, Tashima & Wagstaffe, *Cal. Prac. Guide: Fed Civ. Pro. Before Trial,* §14:140 (the Rutter Group 2004) and cases cited therein. Thus, plaintiff must establish not only the elements of his claim, by undisputed material facts, but also that the defendants' affirmative defenses do not raise triable issues of fact. Summary judgment should be entered, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 106 S.Ct. 2548 (1986).

Rule 56(e) requires the party against whom the motion is made to "set forth specific facts showing that there is a genuine issue for trial." Absent such a showing, a properly supported motion for

1  summary judgment may be granted if the court finds it appropriate." *Nilsson, Robbins, et al v. Louisiana Hydrolec*, 854 F.2d 1538, 1545 (9th Cir. 1988). To establish the existence of a factual dispute, the opposing party need not establish a material issue of fact conclusively in its favor. It is sufficient that "the claimed factual dispute be shown to require a jury or judge to resolve the parties' differing versions of the truth at trial." *First National Bank of Arizona v. Cities Serv. Co.*, 391 U.S. 253, 290 (1968); *T.W. Elec. Serv. Inc. v. Pacific Elec. Contractors Assn.*, 809 F.2d 626, 631 (9th Cir. 1987). The opposing party "must do more than simply show that there is some metaphysical doubt as to the material facts. . . . Where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no 'genuine issue for trial.'"*Matasushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986) (citations omitted). The opposing party's evidence is to be believed and all reasonable inferences that may be drawn from the facts placed before the court must be drawn in favor of the opposing party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. at 255. The court must not weigh the evidence and must draw all reasonable inferences in favor of the nonmoving party. *See Freeman v. Arpaio*, 125 F.3d 732, 735 (9th Cir.1997); *Eastman Kodak Co. v. Image Technical Services, Inc.*, 504 U.S. 451, 112 S.Ct. 2072, 2077 (1992) ("Because this case comes to us on petitioner Kodak's motion for summary judgment, the evidence of respondents is to be believed, and all justifiable inferences are to be drawn in their favor.").

The court, however, has no duty to search the record, *sua sponte*, for some genuine issue of material fact; the court may rely entirely on the evidence of the moving party. *Guarino v. Brookfield Township Trustees*, 980 F.2d 399, 403 (6th Cir. 1992). If the motion is based on deposition testimony, the court may rely exclusively on portions highlighted by the moving party and need not comb the deposition to discover conflicting testimony. *Guarino v. Brookfield Township Trustees, supra*, 980 F.2d at 403. The court is not obligated to consider matters not specifically brought to its attention. Thus, it is immaterial that helpful evidence may be located somewhere in the record. The opposition must designate and reference specific triable facts. *Frito-Lay, Inc. v. Willoughby,* 863 F.2d 1029, 1034 (DC Cir. 1988). Inferences drawn from the evidence, however, must be viewed in the light most favorable to the nonmoving party. *Eastman Kodak Co. v. Image Technical Services, Inc.,* 504 U.S. at 456, 112 S.Ct. at 2077.

3

Plaintiff moves for partial summary judgment as to the Fifth and Sixth claims for relief. The Fifth claim is against Dairy Feed Group and seeks a "determination of the nature, extent and validity of defendant's ownership claim in Coast de Mexico." (Complaint ¶29.) The Sixth claim for relief is an objection to and request for disallowance of Dairy Food Groups proof of claim at of $873,300 which Dairy Feed Group alleges is secured by an interest in Coast de Mexico. (Complaint ¶31-33.)

**B.    Conflict of Laws**

Plaintiff argues that Mexican law applies to determine who is the owner of the shares of Coast Grain de Mexico. Plaintiff relies on the Mexican law which purportedly states that to have ownership in a company, the shares must be registered in the corporate stock registry. Plaintiff attaches a copy of a portion of Mexico's General Law of Commercial Corporations in support of his argument. On the other hand, defendant relies on California law. Defendant argues that the intent of transfer of share ownership is controlling, citing a California case, and shares may be assigned in any manner appropriate to transfer incorporeal personal property.

The parties have not provided any analysis as to the appropriate law which should apply to this case - Mexican or Californian. Thus, a choice of law analysis is appropriate.

The Supreme Court has counseled, "[c]hoice of law is, of course, determined by the forum jurisdiction," *Zicherman v. Korean Airlines Co., Ltd.,* 516 U.S. 217, 228-29, 116 S.Ct. 629 (1996), which in this case is federal court. Federal question jurisdiction was predicated on the Bankruptcy law, and thus federal common law applies to the choice-of-law determination. *See Chan v. Soc'y Expeditions, Inc.,* 123 F.3d 1287, 1297 (9th Cir.1997) (holding that federal common law applies to choice-of-law determination in federal question case). Under federal common law, the Ninth Circuit directs that the court look to the Restatement (Second) of Conflict of Laws ("Restatement of Conflicts"); *Schoenberg v. Exportadora de Sal, S.A.*, 930 F.2d 777, 782 (9th Cir.1991) (explaining, in the context of the Foreign Sovereign Immunities Act, that "[f]ederal common law follows the approach of the Restatement (Second) of Conflict of Laws"); *see also Bickel v. Korean Air Lines Co.,* 83 F.3d 127, 130 (6th Cir.1996) (noting, in the context of the Warsaw Convention, that "[i]n the absence of any established body of federal choice of law rules, we begin with the Restatement (Second) of Conflict of Laws....").

The "internal affairs" doctrine is a conflict-of-laws principle that recognizes that only one state

should have the power to regulate matters peculiar to the relationship among the corporation, its officers and directors, and its shareholders. *In re Sagent Technology, Inc., Derivative Litigation*, 278 F.Supp.2d 1079, 1090 (N.D.Cal. 2003); *see also* Restatement (Second) of Conflicts § 302 (1971) (stating that "[i]ssues involving the rights and liabilities of a corporation ... are determined by ... the local law of the state of incorporation" unless "some other state has a more significant relationship to the occurrence and the parties").  Under the "internal affairs" doctrine, the rights of shareholders in a foreign company are determined by the law of the place where the company is incorporated.  *Batchelder v. Kawamoto*, 147 F.3d 915, 920 (9th Cir. 1998), *cert. denied,* 525 U.S. 982 (1998); *Davis & Cox v. Summa Corp.*, 751 F.2d 1507, 1527 (9th Cir.1985) (stating that "[c]laims involving the 'internal affairs' of corporations ... are subject to the laws of the state of incorporation").  *See also*, *In re Flashcom, Inc.*, 308 B.R. 485, 490 (Bkrtcy. C.D.Cal.2004) (this doctrine governs the choice of law determinations involving matters *peculiar* to corporations, that is, those activities concerning the relationships of the corporation, its directors, officers and shareholders.)

In the instant case, the parties dispute who is the owner the shares of Coast Grain de Mexico, the Mexican corporation.  Thus, the dispute involves the internal affairs of the Mexican corporation.  Therefore, the laws of Mexico determine who is the owner of the shares of Coast Grain de Mexico.

**C.     The Mexican Law**

The parties have provided a copy of the purported applicable provision of the Mexican Commercial law - Ley General de Sociedades Mercantile, Articulo 128 y 129.  Plaintiff Braun asks this Court to take judicial notice of the Mexican law.

Judicial notice of foreign law in a civil proceeding is governed by Fed.R.Civ.P 44.1:

> A party who intends to raise an issue concerning the law of a foreign country shall give notice by pleadings or other reasonable written notice. The court, in determining foreign law, may consider any relevant material or source, including testimony, whether or not submitted by a party or admissible under the Federal Rules of Evidence. The court's determination shall be treated as a ruling on a question of law.

Pursuant to Rule 44.1, in determining an issue of foreign law, courts may consider *any relevant material or source*.

/////

In *Batchelder v. Kawamoto*, 147 F.3d 915, 920 (9th Cir. 1998), the Court, faced with applying Japanese law, relied upon experts. In *Batchelder*, the holder of American depository receipts for a Japanese corporation, brought a derivative action against the Japanese directors. The receipts contained a choice of law provision that provided that shareholder rights would be governed by Japanese law. The court upheld the choice of law provision and held Japanese law applied. The court also noted that even in the absence of the express contractual choice of law, the court would apply the law of Japan to the derivative suit. Citing the Restatement (Second) of Conflict of Laws, the court said that ordinary conflicts of law principles would direct Japanese law to apply under the "internal affairs" doctrine. The right of shareholders of a foreign company are determined by the law of the place where the company is incorporated. *Id.* at 920. Thus, Japanese law applied.

Turning to the substantive merits, and applying Japanese law to the shareholder dispute, the court relied upon Japanese law experts to determine whether plaintiff was entitled to bring the suit at issue. Both sides presented expert testimony as to the Japanese law at issue - professors and Japanese law scholars. The court ruled in the defendant's favor because none of plaintiff's experts opined that plaintiff would be entitled under Japanese law to bring a derivative action.

In the instant case, the parties did not provide any expert testimony on the Mexican law at issue in this case. Expert testimony is needed to prove foreign law. *Universe Sales Company, Ltd. v. Silver Castle, Ltd.,* 182 F.3d 1036, 1038 (9th Cir.1999) ("expert testimony accompanied by extracts from foreign legal materials has been and will likely continue to be the basic mode of proving foreign law."), *cert. denied*, 530 U.S. 1275 (2000). "In some cases foreign law may be proved by reference to authorities; in others foreign law experts may testify." *Pazcoguin v. Radcliffe*, 292 F.3d 1209, 1216 (9th Cir. 2002) (rehearing en banc); *Jinro America Inc. v. Secure Investments, Inc.*, 266 F.3d 993 (9th Cir. 2001) (District court properly considered declaration of expert in Korean law in formulating jury instruction on South Korean law in South Korean corporation's breach of contract action); *Compare Access Telecom, Inc. v. MCI Telecomms. Corp.*, 197 F.3d 694, 713 (5th Cir.), *cert. denied,* 531 U.S. 917, 121 S.Ct. 275, 148 L.Ed.2d 200 (2000) (Expert testimony may be useful, it is not "an invariable necessity in establishing foreign law, and indeed, federal judges may reject even the uncontradicted conclusions of an expert witness and reach their own decisions on the basis of independent examination

1  of foreign legal authorities.").

2  In this case, there is a noticeable absence of any expert opinion as to application of the Mexican
3  law. Plaintiff Braun asks this Court to take judicial notice of the Ley General de Sociedades Mercantile,
4  Articulo 128 y 129. (Doc. 22, Exh. E to Plaintiff's Request for Judicial Notice). Plaintiff Braun,
5  however, provides the law <u>in Spanish</u> and does not provide any evidence of a translation. Braun <u>argues</u>
6  what the law says. Braun did not provide an expert opinion as to what the law says or how it is applied.
7  The Court cannot be expected to accept a non-English law, or to know how it is applied without
8  providing some expert testimony. For this reason, plaintiff has not carried his burden of proof that there
9  is no disputed issue of fact.

10 The Court need not reach the evidence submitted by defendant to rule on the motion. The Court,
11 nonetheless, comments on counsel's translation. To rebut plaintiff's argument, defendant's counsel,
12 Jason Parkin, submitted a declaration in which he states that he is fluent in both Spanish and English.
13 He purports to translate the Ley General de Sociedades Mercantile, Articulo 128 y 129 into English. The
14 Court, however, will not adopt a translation of the foreign law by a person whose competency as a
15 translator does not satisfy the accuracy and reliability requirements of Fed.R.Evid. 901.

16 Thus, plaintiff did not carry its burden of establishing the foreign law it contends, and on which
17 through the conflict of laws analysis, applies to this case.

18 **D.    Additional Discovery**

19 Defendant has requested additional time during which it wishes to conduct discovery. Plaintiff,
20 on the other hand, has not argued why additional time is not needed or that the arguments defendant
21 makes are not accurate.

22 "Federal Rule of Civil Procedure 56(f) provides a device for litigants to avoid summary judgment
23 when they have not had sufficient time to develop affirmative evidence." *Burlington Northern Santa Fe*
24 *R. Co. v. Assiniboine and Sioux Tribes of Fort Peck Reservation*, 323 F.3d 767, 773 (9th Cir. 2003). "A
25 Rule 56(f) motion must show how additional discovery would preclude summary judgment and why a
26 party cannot immediately provide 'specific facts' demonstrating a genuine issue of material fact." *United*
27 *States v. One 1985 Mercedes,* 917 F.2d 415, 418 (9th Cir.1990) (citation omitted).

28 Here, non-expert discovery cut off is July 22, 2005 and expert discovery cut off is September 2,

7

1   2005. The dispositive motion filing deadline is September 20, 2005. Trial in this matter is set for
2   February 6, 2006. Defendant contends it recently had 5,000 documents produced, after months of
3   requesting them, and many of the 5,000 documents are in Spanish and need to be translated.

4   Defendant's position is that the Mexican attorney Murillo was granted proxies by the Weinberg
5   family in order to vote to convey the Weinberg's shares of Coast Grain de Mexico according to the
6   distribution advocated by defendant.

|  |  |
|---|---|
| Coast Grain | 20% |
| DFG | 35% |
| Thomas O'Brien | 40% |
| John Stellingwerf | 5% |

10  Among the exhibits submitted by defendant, are "proxies" with signatures purported by various members
11  of the Weinberg family. (Doc. 27, O'Brien decl., Exh. F.) There is testimony by Bruce Varner, the
12  American attorney, that the proxies were to accomplish the stock transfer as described. There is some
13  evidence, in Spanish, of purported minutes attempting to effectuate the stock transfer in the method as
14  described by defendant. (Exh. Q to Woolman decl.) Defendant states that it thinks other documents are
15  in the 5,000 produced documents to corroborate it position and that depositions of, at a minimum,
16  members of the Weinberg family, would authenticate and corroborate defendant's position that Dairy
17  Feed Group was conveyed the shares.

18  Plaintiff Braun does not argue against a continuance. In fact, plaintiff's reply brief failed to
19  mention defendant's request for a continuance. Plaintiff objected to nearly all of defendant's evidence
20  on various grounds, including lack of authentication and hearsay. Nonetheless, further discovery may
21  resolve the evidentiary issues, through establishing foundation, authentication and exceptions to hearsay.

22  **E.   Executory contract**

23  The closest argument that plaintiff has made that a continuance is unnecessary is that the
24  "contract" which supports defendant's proof of claim was not "executory," and therefore the time limit
25  to file a proof of claim clearly expired. Braun argues that the extension granted by the Bankruptcy Court
26  for "executory contracts" is not applicable.

27  The issue of whether a contract is executory within the meaning of the Bankruptcy Code is a
28  question of federal law. *In re Wegner,* 839 F.2d 533, 536 (9th Cir.1988). Although not defined in the

Bankruptcy Code, courts have generally described an executory contract as one in which some performance is due on both sides. *Id.* The Ninth Circuit "has defined executory contracts as those in which the obligations of both parties " 'are so far unperformed that the failure of either to complete performance would constitute a material breach excusing the performance of the other." *In re Frontier Properties, Inc.*, 979 F.2d 1358, 1364 (9th Cir. 1992); *In re Robert L. Helms Construction & Development Co., Inc.*, 139 F.3d 702, 706 (9th Cir. 1998) ("we look to outstanding obligations at the time the petition for relief is filed and ask whether both sides must still perform.")

The Court cannot adjudicate the timeliness of the filing of defendant's proof of claim at this time. Defendant has provided evidence that records were not produced in discovery. Defendant submitted a declaration which in substance states: (1) defendant asked for discovery, (2) plaintiff stonewalled, (3) plaintiff produced 5000 documents only after filing the summary judgment motion, and (4) stipulated only to a 30 day extension. This is not disputed and the volume of discovery documents lately produced, coupled with the language barrier, makes on-going discovery reasonable and necessary. There are factual issues as to whether the transaction was "executory" or not. The Court should not preclude a defendant from discovery which was lately produced.

## CONCLUSION

For the foregoing reasons, the motion for partial summary judgment by Plaintiff Greg Braun, as Plan Agent and Former Chapter 11 Trustee of Coast Grain Company, is DENIED. The motion is denied without prejudice. The Court GRANTS a continuance for discovery for 90 days, at the conclusion of which, plaintiff may, but is not required to, renew his motion. If the motion is renewed, it would be the Court's expectation that such a motion would be supplemented, both factually and legally, consistent with the instant order.

IT IS SO ORDERED.

**Dated:   May 13, 2005**              **/s/ Lawrence J. O'Neill**
b9ed48                           UNITED STATES MAGISTRATE JUDGE